1
2
3            UNITED STATES DISTRICT COURT
4            NORTHERN DISTRICT OF CALIFORNIA
5
6
7

8    UNITED STATES OF AMERICA,              Case No.: 12-CR-00792-YGR

9              Plaintiff,                   **ORDER DENYING MOTION TO DISMISS;
                                            DENYING MOTION TO STRIKE SURPLUSAGE;
10           vs.                            AND DENYING IN PART AND GRANTING IN
                                            PART MOTIONS FOR A BILL OF PARTICULARS**
11   HENRY CERVANTES, *et al.*,

12             Defendants.

13

14         On May 10, 2013, the Court held a hearing on the following motions, at which the

15   government, each Defendant referenced, and counsel for the same appeared.  A full record of those

16   appearances is set forth in the Court's docket and will not be repeated here.  Pending before the Court

17   are:

18         Defendant Karl Gray's Notice of Motion and Motion to Strike Surplusage and for a Bill of

19   Particulars (the "Gray Motion") (Dkt. No. 93);

20         Defendant Peggy Larez's Motion to Dismiss or in the Alternative for a Bill of Particulars

21   ("Peggy Larez Motion") (Dkt. No. 90);

22         Joinders in the Gray Motion by Defendant Alberto Larez (Dkt. No. 94) and Defendant Elias

23   Gonzales (Dkt. No. 104); and

24         Joinders in the Peggy Larez Motion by Defendant Elias Gonzales (Dkt. No. 92) and Defendant

25   Richie Michelson (Dkt. No. 106).  On April 15, 2013, having resolved this action, Defendant Peggy

26   Larez withdrew her motion.  The withdrawal only excluded Defendant Elias Gonzales, who

27   maintained his joinder.  (Dkt. No. 135.)  At the hearing, the Court deemed Defendant Michelson's

28   joinder to be valid and not extinguished.  Thereafter, defendant Elias Gonzales entered a plea of

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Guilty and withdrew his Joinder to the Peggy Larez Motion.  (Dkt. Nos. 164–165.)  This Order

2  addresses the Peggy Larez Motion, except to the extent an issue raised therein dealt specifically with

3  charges against her.

4       The Court also entertained oral motions to join the Gray Motion by Defendants Richard

5  Martinez (motion to strike only) and Rudy Martinez (motion to strike and for a bill of particulars).

6       Also before the Court are the Government's Omnibus Opposition to Motions for a Bill of

7  Particulars ("Gov't Oppo.") (Dkt. No. 136) and Defendant Gray's Reply to Government's Opposition

8  to Motion to Strike Surplusage and for a Bill of Particulars.  (Dkt. No. 139.)

9       At the hearing, Defendants Gray and Michelson withdrew the request for a Bill of Particulars

10  as to Counts Eighteen (18), Nineteen (19), Twenty (20), Twenty-Two (22), and Twenty-Five (25), in

11  light of the representations made by the government in its Omnibus Opposition and discovery.

12       Having carefully considered the papers submitted and the pleadings in this action, oral

13  argument, and for the reasons set forth below, the Court hereby: **DENIES** the Peggy Larez Motion to

14  Dismiss; **DENIES** the Gray Motion to Strike Surplusage; and **DENIES IN PART AND GRANTS IN PART**

15  the Gray Motion for a Bill of Particulars and the Peggy Larez Motion for a Bill of Particulars.

16  **I.      BACKGROUND**

17       On January 8, 2013, a federal grand jury returned a Superseding Indictment against eleven

18  defendants charging a total of twenty-seven counts.  The Superseding Indictment stems from the

19  alleged affairs of a racketeering enterprise known as Nuestra Familia, which is said to operate inside

20  and outside of prison walls.  Count One charged all eleven defendants with a violation of Title 18

21  U.S.C. section 1962(d).[1]  The remaining counts allege a pattern of racketeering consisting of various

22  state and federal offenses, including murder, robbery, narcotics trafficking, extortion affecting

23  interstate commerce, witness tampering and obstruction of justice; and conspiracy to commit the

24  same, including assault with a dangerous weapon, among others detailed therein.  Among these,

25  Count Two alleges a violation of Title 18 U.S.C. section 1959, commonly known as Violent Crimes

26  In Aid of Racketeering or "VICAR," at sub-section (a)(5).

27

28  _____
[1] Section 1962 is commonly known as the Racketeer Influenced and Corrupt Organizations Act, or "RICO."  Sub-section (d) specifically prohibits any person from conspiring to violate RICO.

1    The pending motions challenge both the nature and sufficiency of the underlying Superseding

2  Indictment.  Fundamentally, Defendants argue that the Superseding Indictment contains too much

3  introductory, inflammatory and prejudicial language, while at the same time lacking in detail as to the

4  allegations relative to the specific counts at issue.

5  **II.    APPLICABLE LEGAL STANDARDS**

6       **A.    THE INDICTMENT**

7       An indictment must be a "plain, concise, and definite written statement of the essential facts

8  constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  "An indictment is sufficient if it contains

9  'the elements of the charged crime in adequate detail to inform the defendant of the charge and to

10  enable him to plead double jeopardy.'"  *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009)

11  (quoting *United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir. 1995)).  "The test for sufficiency of the

12  indictment is 'not whether it could have been framed in a more satisfactory manner, but whether it

13  conforms to minimal constitutional standards.'"  *Awad*, 551 F.3d at 935 (quoting *United States v.

14  Hinton*, 222 F.3d 664, 672 (9th Cir. 2000)); *see also United States v. Musacchio,* 968 F.2d 782, 787

15  (9th Cir. 1991); *United States v. Morlan,* 756 F.2d 1442, 1444 (9th Cir. 1985).  "In ruling on a pre-

16  trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the

17  four corners of the indictment" and "must accept the truth of the allegations in the indictment in

18  analyzing whether a cognizable offense has been charged."  *United States v. Boren,* 278 F.3d 911, 914

19  (9th Cir. 2002).  "The indictment must be 'read as a whole' and construed according to common

20  sense."  *Echavarria-Olarte v. Reno,* 35 F.3d 395, 397 (9th Cir. 1994) (internal citations omitted).  The

21  government need only allege the essential facts necessary to apprise the defendant of the crime

22  charged and need *not* specify the theories or evidence upon which it will rely to prove those facts.

23  *United States v. Cochrane,* 985 F.2d 1027, 1031 (9th Cir. 1993).  Although an indictment that tracks

24  the language of the statute is generally sufficient, "implied, necessary elements, not present in the

25  statutory language, must be included in an indictment."  *United States v. Jackson*, 72 F.3d 1370, 1380

26  (9th Cir. 1995).  "An indictment's failure to 'recite an essential element of the charged offense is not a

27  minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment.'"  *United States v.

28

1  *Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001) (quoting *United States v. Du Bo*, 186 F.3d

2  1177, 1179 (9th Cir. 1999)).

3       **B.**     **A BILL OF PARTICULARS**

4       Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the

5  government to file a bill of particulars."  A motion for a bill of particulars is appropriate where a

6  defendant requires clarification in order to prepare a defense.  *United States v. Long*, 706 F.2d 1044,

7  1054 (9th Cir. 1983).   Such motions are within a trial court's discretion and are "designed to apprise

8  the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in

9  preparation and to protect against double jeopardy."  *Id.*; *United States v. Mitchell*, 744 F.2d 701, 705

10  (9th Cir. 1984).  The Ninth Circuit has held that in deciding whether to order a bill of particulars, "a

11  court should consider whether the defendant has been advised adequately of the charges through the

12  indictment and all other disclosures made by the government."  *Long*, 706 F.2d at 1054.  In addition,

13  "[a] defendant is not entitled to know all the [e]vidence the government intends to produce . . . ."

14  *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979) (internal citations omitted).

15       The purposes of a bill are served where "the indictment itself provides sufficient details of the

16  charges and if the Government provides full discovery to the defense."  *Mitchell*, 744 F.2d at 705.  In

17  addition, and relevant here, no requirement exists in conspiracy cases for the government to "disclose

18  even all the overt acts in furtherance of the conspiracy."  *Giese*, 597 F.2d. at 1180 (citing *United*

19  *States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976)); *see United States v. Armocida*, 515 F.2d 49, 54

20  (3d Cir. 1975); *United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975).  Further, the government

21  "is not required to furnish the name[s] of all other co-conspirators in the bill of particulars."  *See*

22  *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004).   In deciding whether a bill of particulars

23  is warranted, the district court is vested with "very broad discretion in ruling upon requests for such

24  bills."  *Will v. United States*, 389 U.S. 90, 99 (1967).

25  **III.**    **ANALYSIS**

26       The pending motions collectively challenge: **Count One** (1) for a violation of Title 18 U.S.C.

27  section 1962(d) for Racketeering Conspiracy; **Count Two** (2) for a violation of Title 18 U.S.C.

28  section 1959(a)(5) for Conspiracy to Commit Murder in Aid of Racketeering; **Count Three** (3) for

United States District Court
Northern District of California

1   violation of Title 18 U.S.C. section 1959(a)(6) for Conspiracy to Commit Assault with a Dangerous

2   Weapon in Aid of Racketeering; **Count Four** (4) for a violation of Title 18 U.S.C. sections

3   924(c)(1)(A) and 2 for Use/Possession of a Firearm in Furtherance of a Crime of Violence; **Counts**

4   **Five** (5) and **Six** (6), each of which allege a violation of Title 18 U.S.C. sections 1959(a)(1) and (2)

5   for Murder in Aid of Racketeering of Victim-1 and Victim-2; and **Count 23** (23) for a violation of

6   Title 18 U.S.C. sections 1512(c)(2) and 2 for Obstruction of Justice.

7       **A.    MOTION TO DISMISS**

8       The Peggy Larez Motion seeks dismissal of Counts One, Three, and Four on the sole ground

9   that the time period for the conspiracy has not been sufficient alleged.  The Court disagrees.

10      Here, while the Superseding Indictment includes significant background allegations (discussed

11  below), the government has also indicated that the racketeering, as alleged, continues.  With respect to

12  the Defendants here, the government argues that it intends "to prove evidence of the defendants'

13  conduct from on or about December 2003 onward" (Gov't Oppo. at 20–21) and, in fact, in the 27-

14  page Superseding Indictment, the government has included many specific dates regarding the conduct

15  at issue:

16          With respect to the counts that pertain to the murder of victims 1 and 2, the
           Superseding Indictment provides specific dates.  *See, e.g.* ¶ ¶ 31 (September 9, 2011),
17          §¶ [*sic*] 33 (September 9, 2011), ¶ 34 (September 9, 2011 to September 11, 2011), ¶ 40
           (September 10, 2011).  With respect to other substantive crimes, i.e. assault with a
18          dangerous weapon in aid of racketeering, firearms possession, narcotics possession,
           witness intimation, obstruction of justice, the government has provided dates, and in
19          some cases precise dates certain.  *See, e.g.* ¶ ¶ 42, 44, 46-48 (January 10, 2012), ¶ 45
           (January 2012), (January 10, 2012), ¶ 49-51 (May 26, 2012), ¶ 52 (June 7, 2012), ¶ ¶
20          53, 57 (October 2011), ¶ 58 (October 13, 2012), ¶ 60 (November 8, 2012).

21

22  (Gov't Oppo. at 12:16–23.)  The Superseding Indictment is not open-ended on both sides of a

23  temporal spectrum.  These allegations are sufficient for purposes of withstanding a motion to dismiss

24  and need not be more specific.

25      Based on the Court's review of the papers and pleadings, the Peggy Larez Motion to Dismiss

26  is **DENIED**.  The Government is limited to proof of alleged conduct from a starting date of on or about

27  December 2003.

28

United States District Court
Northern District of California

**B.**     **MOTIONS TO STRIKE SURPLUSAGE**

The Gray Motion includes a motion to strike surplusage under Rule 7(d) of the Federal Rules of Criminal Procedure.   The purpose of such a motion is to protect a defendant against "prejudicial or inflammatory allegations that are neither relevant nor material to the charges."  *United States v. Terrigno*, 838 F.2d 371, 373 (9th. Cir 1988) (quoting *United States v. Ramirez,* 710 F.2d 535, 544–45 (9th Cir. 1983)).

Here, the motion focuses on the first nine introductory paragraphs of the Superseding Indictment, which outline the government's rendition of the formation, operation, and history of the prison organization known as Nuestra Familia.  Defendants seek to strike the paragraphs, arguing they are "inflammatory" and unnecessary to the Superseding Indictment, which need only provide facts sufficient to establish a *prima facie* case, *i.e.* a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  *See* Fed. R. Crim. P. 7(c)(1).  They further claim that the allegations are not relevant, but to the contrary, prejudicial.

Defendants have failed to demonstrate that the allegations are not material or relevant to the charges set forth in the Superseding Indictment.  The allegations set forth the government's theory regarding the racketeering organization and its conduct, all of which inform the charges alleged.  The alleged longevity, persistence, and firmly-established structure of the criminal organization impact the past, current, and future operations and the alleged criminal acts which emanate therefrom.  The allegations inform on this issue of timing—*i.e.* why the "start dates" and/or "end dates" of any given defendant's alleged participation in the racketeering acts and/or conspiracies cannot be identified with meticulous precision.  The allegations demonstrate that the organization is both organic and dynamic.  As set forth above, issues regarding timing are material and relevant, as even Defendants themselves brought a motion to dismiss on the sole ground that specific dates could not be provided.  Given these particular allegations, the Court cannot find that they are not material or relevant.

Next, Defendants have not identified any current or anticipated manifestation of prejudice.  An "indictment is not evidence against the accused and affords no inference of guilt or innocence."  *Ramirez*, 710 F.2d at 545.  This action is not at the stage of preparing for trial, nor is the Court considering whether to allow a jury to see a copy of the Superseding Indictment.  Without an

United States District Court
Northern District of California

1    articulated presence or anticipation of prejudice for the Court to evaluate, the Court will not assume

2    that prejudice exists or that it will develop inevitably.

3    　　　　On these grounds, the Motion to Strike Surplusage is **DENIED.**

4    　　**C.    MOTIONS FOR A BILL OF PARTICULARS**

5    　　　　The motions for a bill of particulars are addressed collectively herein and organized by Count.

6    　　　　　**1.    COUNT ONE**

7    　　　　With respect to Count One for a violation of Title 18 U.S.C. section 1962(d) for Racketeering

8    Conspiracy, Defendants seek the following specific information:

9    　　　　　• Identification of "the date upon which the racketeering conspiracy is alleged to have

10   　　　　　　commenced";

11   　　　　　• Identification of when each defendant and each of the other "associates, members, and

12   　　　　　　leaders," and "others" allegedly joined the racketeering conspiracy;

13   　　　　　• Specification relative to paragraph 14 identifying which of the "Nuestra Familia

14   　　　　　　members and associates" allegedly stored the firearms at a residence in Oakland, the

15   　　　　　　address of the residence in question, and the date (more specific than around October

16   　　　　　　2011) upon which this occurred;

17   　　　　　• Identification of the specific threat referenced in paragraph 14 allegedly made by

18   　　　　　　Defendant Michelson to kill an individual he believed would testify against Gray, and

19   　　　　　　the identity of that individual;

20   　　　　　• Specification relative to paragraph 15, regarding when controlled substances were

21   　　　　　　allegedly distributed by the named individuals, the nature and quantity of those

22   　　　　　　substances, and the identities of the people in prison to whom the defendants allegedly

23   　　　　　　sent proceeds;

24   　　　　　• Specification relative to paragraph 16, regarding the meaning of  "other criminal

25   　　　　　　conduct" in which Mr. Gray and the other named defendants are alleged to have

26   　　　　　　engaged;

27   　　　　　• Specification relative to paragraph 17, regarding the "multiple acts" of various crimes

28   　　　　　　alleged as constituting the pattern of racketeering activity, in particular who allegedly

United States District Court
Northern District of California

7

made "multiple acts and threats" involving murder, robbery, drug dealing and extortion, and the timing of such acts;

- Specification relative to paragraph 17 regarding the time period encompassed by the phrase "since at least the mid-2000s and continuing up through and including the present";

- Specification relative to paragraph 18, regarding when each defendant agreed that "a member of the conspiracy would commit at least two acts of racketeering activity," where each agreement was formed, and who was present when each such agreement was reached; and

- Specification relative to paragraphs 19 through 22, regarding the particular acts of violence, firearms possession, robbery and narcotics distribution in which Mr. Gray allegedly participated as part of the "means and methods" of the conspiracy.

Except for the requests relative to paragraphs 16, all of the information requested above falls within the purview of discovery and does not require specification in a bill of particulars. The referenced paragraphs of the Indictment cannot be viewed in a vacuum. As set forth above, the government's Superseding Indictment contains background allegations (incorporated by reference) regarding the alleged history of the Nuestra Familia operation and its understanding of the nature of the operations. These allegations inform all subsequent counts. Count One provides sufficient information regarding the elements the government intends to prove at trial and thus satisfies the constitutional concerns respecting double jeopardy. In addition, the government detailed in its opposition the discovery provided to defendants, individually and collectively, which will prevent surprise at trial and allow the defendants to prepare an adequate defense. An insufficient showing has been made that any specific defendant cannot prepare his defense adequately due to a lack of discovery.

Accordingly, with respect to Count 1, the collective motions are **DENIED** except as to paragraph 16. Should discovery prove insufficient, an individual defendant may file another motion which is more specific to said defendant. With respect to paragraph 16, the generic allegation regarding "other criminal conduct" is too ambiguous to provide notice of any charges beyond those

United States District Court
Northern District of California

1    more specifically alleged in the complaint.  The motions are **GRANTED** as to the phrase "other

2    criminal conduct" in paragraph 16.

3              **2.     COUNT TWO**

4              With respect to Count Two for a violation of Title 18 U.S.C. section 1959(a)(5) for

5    Conspiracy to Commit Murder in Aid of Racketeering, Defendants seek a bill of particulars with

6    respect to the conspiracy alleged in paragraph 26, namely: specification as to when the conspiratorial

7    agreement occurred, when Mr. Gray and the other named defendants actually joined in said

8    agreement, the place or places in which the alleged agreement was reached, the persons present at that

9    time and place, the form the alleged agreement took, and the individuals who Mr. Gray and the other

10   named defendants allegedly agreed to kill.

11             All the information requested above falls within the purview of discovery and does not require

12   specification in a bill of particulars.  Count Two provides sufficient information regarding the

13   elements the government intends to prove at trial and thus satisfies the constitutional concerns

14   respecting double jeopardy.  As previously stated, the Court understands that since the filing of the

15   Indictment, the government has been providing discovery to each defendant.  An insufficient showing

16   has been made that any specific defendant cannot prepare his defense adequately due to a lack of

17   discovery.

18             The collective motions as to Count 2 are **DENIED**.  Should discovery prove insufficient, an

19   individual defendant may file another motion which is more specific to said defendant.

20             **3.     COUNTS THREE AND FOUR**

21             With respect to Count Three for a violation of Title 18 U.S.C. section 1959(a)(6) for

22   Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering and Count Four for

23   a violation of Title 18 U.S.C. sections 924(c)(1)(A) and 2 for Use/Possession of Firearm in

24   Furtherance of Crime of Violence, Defendants seek the same information as to each count:

25             With respect to paragraphs 19 through 22, they request:

26             • Specification of the identity and date upon which each of the other "associates,

27                members, and leaders," and "others" allegedly joined and last participated in the

28                racketeering enterprise;

- Specification of the date, location, and nature of each criminal or other act generically referenced therein;

- Specification of the date, location, and nature of each overt act performed in furtherance of the conspiracy alleged; and

- Specification of the victims of each such criminal or other act.

With respect to paragraphs 24 and 25, they request specification of the time period encompassed by the phrase "at all times relevant to this Indictment."

With respect to paragraph 28 and 29, respectively, they request:

- Specification of the identities of the "others known" by the government with whom the named defendants allegedly conspired to commit assault with a dangerous weapon;

- Specification of the time, place and persons present for the agreement, racketeering activity or conspiracies alleged in Counts 3 and 4, respectively;

- Specification of what was said at each meeting identified;

- Specification as to what each defendant allegedly did to indicate his participation in the racketeering activity or conspiracies discussed; and

- Specification of the form the agreement took.

All the information requested above falls within the purview of discovery and does not require specification in a bill of particulars.  Counts Three and Four provide sufficient information regarding the elements the government intends to prove at trial and thus satisfies the constitutional concerns respecting double jeopardy.  As previously stated, the Court understands that since the filing of the Indictment, the government has been providing discovery to each defendant.  An insufficient showing has been made that any specific defendant cannot prepare his defense adequately due to a lack of discovery.

The collective motions as to Counts 3 and 4 are **DENIED**.  Should discovery prove insufficient, an individual defendant may file another motion which is more specific to said defendant.

United States District Court
Northern District of California

4.      **COUNT 23**

Count 23 charges a violation of Title 18 U.S.C. sections 1512(c)(2) and 2 for Obstruction of Justice arising out of the events described in the Superseding Indictment, which occurred "in or about October 2011" and relative to which, Defendants Gray and Alberto Larez "discarded firearms stored at a residence in Oakland, California."  The motion seeks specific information regarding the "identity of the firearms Mr. Gray allegedly removed to obstruct justice, and the persons present when he did so."  Count 23 provides sufficient information regarding the elements the government intends to prove at trial and thus satisfies the constitutional concerns respecting double jeopardy.  The information requested falls within the purview of discovery and does not require specification in a bill of particulars.  The motion as to Count 23 is **DENIED.**

5.      **REMAINING COUNTS REFERENCED IN THE PEGGY LAREZ MOTION**

The Peggy Larez Motion requests a bill of particulars with respect to Counts 5 and 6 which each charge a violation of Title 18 U.S.C. sections 1959(a)(1) and (2) for Murder in Aid of Racketeering of Victim-1 and Victim-2.  The motion seeks information regarding the "other 'known persons' with whom Henry Cervantes is alleged to have murdered Victims 1 and 2."  The remaining moving defendant (Michelson) on this motion has not been charged under Counts 5 and 6 and has not shown the basis upon which he is entitled to a bill of particulars.  Moreover, the information requested falls within the purview of discovery and does not require specification in a bill of particulars.  The Peggy Larez Motion as to Counts 5 and 6 is **DENIED.**

IV.      **CONCLUSION**

For the reasons set forth above, the Court hereby:

- **DENIES** the Peggy Larez Motion to Dismiss;
- **DENIES** the Gray Motion to Strike; and
- **DENIES** both the Gray Motion for a Bill of Particulars and the Peggy Larez Motion for a Bill of Particulars, except as to the use of the phrase "other criminal conduct" in paragraph 16.  As to that phrase, the motion is **GRANTED**.

A bill of particulars as set forth herein shall be filed within thirty (30) days of the date of this Order.

This Order terminates Dkt. Nos. 90 & 93.

**IT IS SO ORDERED.**

Dated: July 9, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**