UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY CERVANTES, and others,<br><br>Defendants. | Case No. 12-cr-00792 YGR (NC)<br><br>**ORDER SELF-ASSESSING JUDICIAL DISQUALIFICATION UNDER 28 U.S.C. § 455** |

Judicial disqualification may occur upon the court's own order under 28 U.S.C. § 455 when a judge's impartiality might reasonably be questioned or upon a party filing a timely and sufficient affidavit establishing personal bias or prejudice by the judge under 28 U.S.C. § 144. In this case, no party has requested judicial disqualification of the magistrate judge referred discovery in this multi-defendant criminal case. I have self-assessed whether disqualification is appropriate under § 455. As explained below, I find that disqualification is not required.

I take the unusual step of issuing this self-assessment for three reasons: (1) to provide all the parties with equal access to the information that could form the basis for a request for disqualification; (2) because there could be connections between this case and a case that I worked on as a prosecutor that I am not aware of; and (3) because one or more of the parties may disagree with my analysis.

Case No. 12-cr-00792 YGR (NC)
ORDER RE: JUDICIAL
DISQUALIFICATION

## LEGAL STANDARD

As a general proposition, in the absence of a legitimate reason to recuse himself, "a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (citations omitted). Without this proposition, I could recuse myself for any reason or no reason at all; I could pick and choose my cases, abandoning those that I find difficult, distasteful, inconvenient or just plain boring. *Id.*

The applicable recusal statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He shall also disqualify himself when he has "a personal bias or prejudice concerning a party . . ." or "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." *Id.* § 455(b)(1) and b(3). Furthermore, under § 455, the alleged bias must stem from an "extrajudicial source*." Liteky v. United States*, 510 U.S. 540, 551 (1994).

A federal judge is presumed to be impartial. *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Holland*, 519 F.3d at 914 (citations omitted). In other words, the standard for disqualification is not the standard of "mere suspicion." *In re Bulger*, 710 F.3d 42, 47 (1st Cir. 2013) (Souter, A.J. (Ret.)). The disqualification standard balances the need for public confidence in proceedings that appear impartial against the need to prevent parties from manipulating the system to obtain a judge more to their liking. *Id.*

//

## ANALYSIS

As applied to this case, my concern is whether my impartiality might reasonably be questioned because of my prior employment as an Assistant U.S. Attorney in this District, where, among many various cases, I prosecuted certain individuals who allegedly were leaders, members, or associates of the *Nuestra Familia* gang. My employment as an AUSA ended July 3, 2011, immediately before my appointment as a magistrate judge.

One case I worked on as a prosecutor was *United States v. Frank Garcia and others*, No. 10-cr-00301 DLJ. The defendants in that case were Frank Garcia, Jose Nuno, Hector Uribe, Jr., Javier Garcia, Francisco Garcia, Geno King, Dakota Casperson, Sheena Casperson, Martin Jose Montoya, Oscar Arias, Pablo Jose Mendoza, and Jonathan Perez. That case charged conspiracies to distribute cocaine and methamphetamine, and possession of firearms by certain of the individual defendants. The time period of the alleged conspiracies was January to April 2010. The name of the investigation was "Operation Knockout." I understand that one or more of the defendants in that case were alleged to be leaders, members, or associates of the *Nuestra Familia* gang, although they were not charged as gang members in the indictment. The alleged illegal activity in that case took place primarily in Salinas, Campbell, and San Jose, and locations near those cities.

In comparison, the Superseding Indictment in the present case charges eleven defendants, in twenty-seven counts, with a racketeering conspiracy spanning the period from the "mid-2000s" to January 8, 2013. Superseding Indictment, Dkt. No. 58 ¶ 17. The defendants are alleged to be associates, members, and leaders of *Nuestra Familia* and/or *Nuestra Familia*'s *Nuestra Raza/Northern Structure* and/or *Norteno* affiliates. *Id.* ¶ 16. More specifically, defendant Henry Cervantes is alleged to be a *Nuestra Familia carnal* and allegedly became the regiment commander for *Nuestra Familia* in Oakland in 2011. *Id.* ¶ 12. Defendant Alberto Larez is alleged to be a *Nuestra Familia carnal* serving as a regiment commander in the organization. *Id.* ¶ 13.

//

The mere fact that I was previously employed as an Assistant U.S. Attorney, and the U.S. Attorney represents the government in this case, is not grounds for disqualification. *Dev v. Donahoe*, No. 11-cv-2950, 2013 WL 5955081, at *1 (E.D. Cal. Nov. 7, 2013). I had no participation in this particular case or its investigation while I was employed at the U.S. Attorney's office. *See United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were former AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification.") (citations omitted). There is no overlap between the identities of the defendants in this case and the defendants in the Operation Knockout case.

Additionally, I had no supervisory responsibilities at the U.S. Attorney's office, so did not supervise this case or its investigation, and did not supervise the attorneys involved in the present case. This case is therefore distinct from the facts presented to the First Circuit in *In re Bulger*, where the trial judge had previously served in the U.S. Attorney's Office for the District of Massachusetts as Chief of the General Crimes Unit, Chief of the Criminal Division, First Assistant United States Attorney, and Senior Litigation Counsel during the time period it was alleged that the Justice Department had granted the defendant immunity from prosecution. 710 F.3d at 44.

In sum, I conclude that I am not aware of any factual overlap between the Superseding Indictment in the present case and my prior work as an Assistant U.S. Attorney. Based on the record before me, I find that a reasonable person with knowledge of all the facts would conclude my impartiality would not reasonably be questioned.

//

I concede, however, that I do not know the identity of trial witnesses in this case, have not reviewed all the discovery, and do not know what new charges the government might bring.  So it is plausible that there could be a connection between my prior work and this case that I am not aware of, or that such a connection could arise as a result of future developments in the case.  I bring these issues to the parties' attention now in case they disagree with my analysis or have additional information bearing on this issue.

IT IS SO ORDERED.

Date: December 5, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge